UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID VENTURA,<br><br>                              Plaintiff,<br><br>          -against-<br><br>AMKC JANE DOE OFFICERS; AMKC<br>JOHN DOE OFFICERS,<br><br>                              Defendants. | 21-CV-11132 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the Anna M. Kross Center (AMKC) on Rikers

Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants failed to

protect him from being assaulted by other detainees. By order dated January 13, 2022, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

(IFP).[1] For the reasons set forth below, the Court directs Plaintiff to show cause why this action

should not be dismissed as untimely. If Plaintiff responds with a submission contending that this

action is timely, he must also include in his declaration a statement as to whether this action

arises from the same events as his actions currently pending in the New York State Supreme

Court, Bronx County, or from different events.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following allegations are taken from the complaint. On November 18, 2018, while Plaintiff was detained in the AMKC, Plaintiff was assaulted by "6 or 7 inmates in a cell." (ECF 2, at 5.) A female correction officer "encouraged" the assault by summoning other inmates "to gang assault" Plaintiff. (*Id.*) Plaintiff alleges that the Jane Doe officer "had a relationship" with an inmate who was a member of the "Blood Gang" and who ordered the assault on Plaintiff. (*Id.*) Plaintiff further alleges that "the A and B officer on the unit Jane Doe & John Doe" were also involved in the assault. (*Id.*) Plaintiff was stomped and kicked "all over the cell" for approximately two hours. (*Id.*)

Plaintiff alleges that he was knocked unconscious and then rushed to Elmhurst Hospital. He suffered injuries to his right cheekbone, right ear, and jawbone. As a result, Plaintiff had to undergo three facial surgeries. He attaches to his complaint extensive medical documentation of his injuries.

Plaintiff seeks declaratory relief and money damages.

In the complaint, Plaintiff states that "[a] notice of claim to sue NYC Comptroller was filed by attorney law form of Nas and Roper [sic]," whom Plaintiff believes have "abandon[ed] this case." (*Id.* at 6.) Plaintiff maintains that the law firm has all supporting documents and records in its files, and that he has requested them, but has not received anything. (*Id.*)

**DISCUSSION**

A.       **Timeliness**

It appears that Plaintiff's claims are time-barred. The statute of limitations for Section

1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury

actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*,

488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R.

§ 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of

the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Here, Plaintiff alleges that his claims arose on November 18, 2018. He therefore had until

November 2021 to file his Section 1983 claims. He signed the complaint on December 23,

2021,[2] approximately one month after the expiration of the three-year limitations period.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to]

make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S.*

*Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). "Generally, to merit equitable

relief, a plaintiff must have acted with reasonable diligence during the time period [he] seeks to

have tolled." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d

Cir. 2002). Thus, the burden falls to the plaintiff to prove that his failure to meet a requirement in

filing his pleading was not attributable to a larger failure to act diligently in pursuing his judicial

remedies during the statutory period. *Id.*

The statute of limitations may be equitably tolled, for example, when a defendant

fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the

---

[2] Under the "prison mailbox rule," a prisoner's pleading is deemed filed on the date that
he gives it to prison officials for mailing. *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir.
2005).

plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

Plaintiff's allegations that a law firm filed a notice of claim on his behalf, that he has been unable to get his legal documents from the firm, and that he believes the firm has abandoned his case, liberally construed, suggest that Plaintiff may be asserting a basis for equitable tolling. Without additional details, however, the Court is unable to conclude that equitable tolling of the limitations period is justified.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The Court grants Plaintiff  sixty days to show cause why this action should not be dismissed as time-barred. Plaintiff's declaration should state any facts showing that his claim is timely or that equitable tolling should be applied in this case.

### B.        Plaintiff's State Court Actions

A review of public records maintained by the New York State Unified Court System shows that Plaintiff has two actions pending in the New York State Supreme Court, Bronx County, both of which arise from alleged assaults on Rikers Island. In *Ventura v. City of New York*, Index No. 22170/2019E (filed Nov. 22, 2019), Plaintiff brought claims, through counsel Nass Roper & Levin, P.C., against the City of New York and John/Jane Doe Correction Officers arising from a November 25, 2017 assault in the Otis Bantum Correctional Center (OBCC) on Rikers Island. In that complaint, Plaintiff alleged that he was attacked by another inmate, and asserted state law claims of negligence, gross negligence, and *prima facie* tort, as well as federal constitutional claims for deliberate indifference, substantive due process, negligent hiring, and *Monell* claims. On January 10, 2022, a status conference in the matter was held before Judge Danziger, and another status conference is currently scheduled for September 26, 2022.

In *Ventura v. City of New York*, Index No. 22022/2019E (filed Feb. 18, 2019), Plaintiff, again through counsel at Nass Roper & Levin, P.C., filed another action against the City of New York, DOC, and John/Jane Doe Correction Officers arising from a November 21, 2017 incident in which Plaintiff was attacked by several inmates while detained in OBCC, leading to a laceration on his head that required several staples to repair. In that action, Plaintiff brought claims of negligence, gross negligence, prima facie tort, and federal constitutional claims under Section 1983 including deliberate indifference to his safety, substantive due process, negligent hiring, and *Monell* claims. A conference in that case is currently scheduled before Judge Danziger on May 17, 2022.

While the factual allegations and legal claims that Plaintiff asserts in this action are similar to the allegations and claims that he asserted in his state court actions, his claims here appear to arise from a different incident. Specifically, his claims in this action arise from an

assault occurring in November 2018 in AMKC, while his state court actions arose from two separate assaults, both occurring in November 2017 in OBCC. The factual allegations are very similar, however, and Plaintiff alleges that the same attorneys who are representing him in the state actions also filed a notice of claim with the City regarding this action. If Plaintiff responds with a submission contending that this action is timely, he must also include in his declaration a statement as to whether this action arises from the same events as his pending New York State court actions, or from different events. [3]

## CONCLUSION

The Court directs Plaintiff to file a written declaration within 60 days of the date of this order, showing cause why the Court should not dismiss the complaint as time-barred. If Plaintiff files a declaration contending that this action is timely, he must also include in his declaration a statement as to whether this action arises from the same events as his pending New York State court actions, or from different events. For Plaintiff's convenience, a declaration form is attached to this order. If Plaintiff submits a declaration, it should be labeled with docket number 21-CV-11132 (LTS). No summons shall issue at this time. If Plaintiff fails to comply within the time allowed, or if his responses are insufficient, the complaint will be dismissed as time-barred.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

---

[3] If this action is duplicative of Plaintiff's pending state court matters, the Court may direct Plaintiff to show cause why the Court should not abstain from exercising jurisdiction over his claims in the interest of efficient judicial administration and conversation of resources. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976); *see also Am. Disposal Serv., Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir. 1988) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983)).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 2, 2022
         New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____       _____
Executed on (date)             Signature

_____       _____
Name                                   Prison Identification # (if incarcerated)

_____   _____   _____   _____
Address                           City            State     Zip Code

_____       _____
Telephone Number (if available)        E-mail Address (if available)